UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BERNARD GEORGE ET AL | CIVIL ACTION NO. 6:23-CV-00803 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| NATIONAL GENERAL INSURANCE CO | MAGISTRATE JUDGE DAVID J. AYO |

## REPORT AND RECOMMENDATION

Before the Court is a MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Rec. Doc. 14) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Integon National Insurance Company ("Integon") and National General Insurance Co. ("National"). Plaintiffs Bernard George and Michelle George oppose the motion (Rec. Doc. 25) and Defendants have filed a reply (Rec. Doc. 28). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that Defendants' Motion be GRANTED and that Plaintiffs' claims against Integon and National be dismissed with prejudice.

## I. BACKGROUND

This case arises from a property insurance claim made by Plaintiffs after their home in Crowley, Louisiana sustained unspecified damages on February 16, 2021. (Rec. Doc. 1-2 at ¶ 9). Plaintiffs' property is subject to a mortgage in favor of Flagstar

Bank ("Flagstar") (Rec. Doc. 14-2). Flagstar purchased what is known as a lender-placed or forced-placed insurance policy from Integon to protect its interest in the home because Plaintiffs did not provide them with evidence that they had purchased property insurance. (Rec. Doc. 14-2 at pp. 2, 4). Though Flagstar purchased the policy, it passed the cost along to Plaintiffs. *Id*.

Plaintiffs allege that after their home was damaged National and Integon[1] sent an inspector to assess the damages and that they cooperated and provided the necessary information to make a satisfactory proof of loss under Louisiana law. (Rec. Doc. 1-2.) They further allege that after itemizing the damages, National and Integon sent a check to Flagstar in the amount of $7.444.22. *Id*. Plaintiff filed suit in the Fifteenth Judicial District Court, Acadia Parish, Louisiana, against Integon, National, American Security Insurance Co. ("American"), Flagstar Bank and Nationstar Mortgage LLC.[2]

Plaintiffs allege that Integon and National underpaid covered damages, adjusted their claim in bad faith, and "breached its contract and terms of its policy limits with Plaintiffs George by failing to adjust and pay the losses within 60 days after receiving satisfactory proof of loss." (Rec. Doc. 1-2 at ¶¶ 10-15). National removed the matter to this Court on June 14, 2023, alleging jurisdiction based on

---

[1] Regarding Integon and National, the caption of Plaintiffs' petition lists National General Insurance, d/b/a Integon Insurance. However, in the body of the petition National and Integon are listed as separate defendants. Nevertheless, Plaintiff addresses them as National/Integon. The Court cannot determine whether there is a corporate relationship between Integon and National or whether National has been incorrectly named as a defendant. However, it is clear that National is not the insurer named in the policy at issue. Plaintiffs do not dispute this in their opposition to the motion.
[2] American was dismissed on September 12, 2023. (Rec. Doc. 26). As of this date, Flagstar Bank and Nationstar Mortgage LLC have not been served and have not made an appearance in this matter.

diversity of citizenship. (Rec. Doc. 1). Integon and National filed the instant motion claiming that neither Bernard George nor Michelle George are named insureds, additional insureds, or third-party beneficiaries under the policy and that therefore Plaintiffs lack standing to enforce the insurance contract. (Rec. Doc. 14).

## II. **APPLICABLE STANDARDS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

When considering a motion to dismiss, the court is generally limited to the factual allegations contained in the complaint and any attachments. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004) ("Although the court may not go outside the complaint, the court may consider documents attached to the complaint."). However, the court may expand its review to consider attachments to defendant's motion to dismiss if the documents "are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Access Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (internal quotation mark omitted); *Kane Enters. v. MacGregor (USA)*, 322 F.3d 371, 374 (5th Cir. 2003).

## III. ANALYSIS

As a threshold matter, the Court notes that the insurance policy underlying the dispute and Flagstar's Notice of Lender-Placed Hazard Insurance ("Notice") dated March 21, 2020, notifying Bernard George that a forced-placed policy was purchased were not attached to Plaintiffs' Complaint. However, Integon attached the policy and the Notice to its Motion to Dismiss. (Rec. Doc. 14-3). Plaintiffs reference the policy in the Complaint, and the policy and the Notice are central to their claims. (Rec. Doc. 1-2 at ¶ 2). Accordingly, the Court will consider the policy and Notice in ruling on the instant motion to dismiss. *Collins*, 224 F.3d 496, 498–99.

Plaintiffs allege that National and Integon breached the force-placed insurance policy by failing to adequately investigate, adjust, and pay their claims. To have standing to enforce an insurance policy, a plaintiff must be (1) a named insured; (2)

an additional named insured; or (3) an intended third-party beneficiary of the policy. *Barbe v. Ocwen Loan Servicing, LLC*, 383 F. Supp. 3d 634, 641 (E.D. La. 2019) (Feldman, J.) (citing *Brown v. Am. Mod. Home Ins. Co.*, No. 16-16289, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017) (Lemmon, J.)) (further citations omitted). A court looks to the language of the policy to determine whether a plaintiff is a named insured, additional insured, or third-party beneficiary. *Graphia v. Balbao Ins. Co.*, 517 F. Supp. 2d 854, 856 (E.D. La. Sept. 28, 2007) (Vance, J.).

Under Louisiana law, third-party beneficiary status must be conferred by contract under what is known as a *stipulation pour autrui. Williams v. Certain Underwriters at Lloyd's of London,* 398 F. App'x 44, 47 (5th Cir. 2010) (unpublished). "A stipulation pour autrui is never presumed" and the party claiming the benefit bears the burden to show that such a stipulation exists. *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006). To do so, a plaintiff must show that "1) the stipulation for [the] third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Id*. The contract must confer a specific "direct benefit" in favor of the third party. *Id*.

The named insured on the policy is Flagstar, and Bernard George is identified only as "BORROWER." (Rec. Docs. 14-2 at p. 5, 14-3 pp. 2, 4). As referenced above this type of insurance policy is called a "lender-placed" or "forced-placed" policy.

The "loss payment" provision of the policy states:

[Integon] will adjust each LOSS with [Flagstar] and will pay [Flagstar]. If the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE [of

>the mortgage], the BORROWER may be entitled, as a simple LOSS payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability indicated on the NOTICE OF INSURANCE and the BORROWER'S insurable interest in the damaged or destroyed property on the DATE OF LOSS. Other than the potential right to receive such payment, the BORROWER has no rights under this RESIDENTIAL PROPERTY FORM.

The Notice lists Plaintiffs as the "BORROWER" and lists Flagstar as the "NAMED INSURED." (Rec. Doc. 14-2). The Notice states:

>We previously notified you that we needed acceptable evidence of homeowners (hazard) insurance for your property. We did not receive evidence of hazard insurance, so we bought coverage at your expense…
>
>If you provide us with acceptable evidence of hazard insurance coverage in an amount at least equal to the amount of coverage on the "Evidence of Hazard Insurance," we will cancel the Lender-Placed Hazard Insurance coverage….

(*Id.* at p.1).

It further states:

>The NAMED INSURED has purchased insurance on the DESCRIBED LOCATION for the amount and premium indicated above.
>
>The contract of insurance is only between the NAMED INSURED and Integon National Insurance Company. There is no contract of insurance between the BORROWER and Integon National Insurance Company. The insurance purchased is intended for the benefit and protection of the NAMED INSURED, insures against LOSS only to the dwelling and OTHER STRUCTURES on the DESCRIBED LOCATION, and may not sufficiently protect the BORROWER'S interest in the property. No coverage is provided for contents, personal effects, additional living expense, fair rental value or liability unless otherwise endorsed in this Policy.

(*Id.* at p. 5).

Plaintiff argues "there is a simply contractual [A]greement based on the payment of premiums each month despite the insurance being a "forced policy" and

that they acted in good faith in securing insurance protection on their home. (Rec. Doc. 25). Plaintiffs further attest:

> Bernard and Michelle George have not religiously paid their insurance premiums through their mortgage company to be shortchanged and not to receive adequate insurance proceeds to repair their home. Their mortgage company sought to protect their investment through insurance, but the homeowners certainly believed that their home was protected through the insurance company. The plaintiffs are not sophisticated legal scholars who can distinguish between forced insurance and regular homeowners' insurance. It was and still is their intent to protect their home.

*Id.*

Defendants contend that Plaintiffs lack standing to enforce the policy because they are not named insureds or additional named insureds under the policy (Rec. Doc. 14). Defendants further assert that Plaintiffs have not alleged facts in the petition sufficient to demonstrate that they are third-party beneficiaries under the contract and further that they have not argued in their opposition to the instant motion that they are third-party beneficiaries. (Rec. Doc. 28 at p. 3).

This court and others have previously addressed similar standing issues with regard to lender-placed insurance policies. Courts have focused on whether the loss amount exceeds the lender's insurable interest (i.e., the mortgage balance), and whether, under the policy, any loss amount exceeding that interest is to be paid to the borrower. *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44 (5th Cir. 2010) (per curiam) (homeowner was not a third-party beneficiary of lender-placed policy where all policy benefits were payable to the lender, not to the borrower); *Lee v. Safeco Ins. Co. of Am.*, No. 08-1100, 2008 WL 2622997 (E.D. La. July 2, 2008) (Africk, J.) (homeowner qualified as a third-party beneficiary where

homeowner could potentially recover, as direct payee, amounts in excess of the lender's interest); *D'Juve v. Am. Mod. Home Ins. Co.*, No. 14-2386, 2015 WL 1650259, at *2 (E.D. La. Apr. 14, 2015) (Lemmon, J.) (same as *Lee* in that the plaintiff might have qualified as a third-party beneficiary under the policy language; however, the losses that she claimed did not exceed the lender's interest).

Using this reasoning, courts have granted motions to dismiss where the plaintiff's complaint did not allege that the loss payment exceeded the mortgage balance. For example, in *Brown v. American Home Ins.*, 2017 WL 2290268, at *5 (E.D. LA.), Judge Lemmon found that:

> Plaintiffs' Complaint alleges that they were third-party beneficiaries of the American Modern insurance policy but does not allege facts sufficient to establish [third-party beneficiary] status because there is no information regarding the amount of insurance claim against American Modern or plaintiffs' mortgage balance. Without allegations demonstrating that the condition requiring American Modern to pay plaintiffs was triggered, i.e., that the amount of the loss exceeds the mortgage balance, plaintiffs' complaint does not sufficiently allege that there was a stipulation pour autrui, and plaintiffs have not stated a claim against American Modern for breaching the insurance contract.

The court granted the motion to dismiss, and granted the plaintiff leave to amend the complaint. *Id.* at *8.

In this matter, the policy contemplates that "[i]f the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE, the BORROWER may be entitled as a simple LOSS payee only, to receive payment for any residual amount due for the LOSS." (Rec. Doc. 14-3 at p. 13, ¶13). Thus, under the policy, if the actual cash value of the damage exceeds Flagstar's insurable interest, Integon will pay the excess amount. As in the cases cited above, this policy provision constitutes a clear intent to benefit

the borrower (here, Bernard George) in the event that the loss amount exceeds the mortgage balance. *Lee*, 2008 WL 2622997, at *4–5 (concluding that a similar policy provision conferred third-party beneficiary status on the borrower). However, Plaintiffs' petition does not allege that the loss to be paid by Integon exceeds Flagstar's interest in the property and Plaintiffs have not argued that they are third-party beneficiaries under the policy because the loss to be paid exceeds Flagstar's interest in the property in their opposition. (Rec. Doc. 25).

The Court finds that Plaintiffs have not sufficiently alleged that they have standing to enforce the insurance contract as a third-party beneficiary. Further, because they have not sufficiently alleged the breach of contract claim, the bad faith claim also fails. *Bradley v. Allstate Ins*. Co., 620 F.3d 509, 526 (5th Cir. 2010) ("[A] plaintiff attempting to base her theory of recovery against an insurer on [Louisiana's bad faith statutes] must first have a valid, underlying, substantive claim upon which insurance coverage is based." (quotation and citation omitted)).

## IV. CONCLUSION

For the reasons discussed above, the Court recommends that Defendants' MOTION TO DISMISS (Rec. Doc. 14) be GRANTED and that all claims asserted by Plaintiffs Bernard George and Michelle George against National General Insurance Company and Integon National Insurance Company be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 8th day of December, 2023.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE